United States District Court

District of Massachusetts

C.A.#

Jose L.Negron et al

MCI Norfolk Prisoner's

Plaintiff's

v.

CAROL A.MICI
Sherry Elliott Dept.Sup.of Reentry
Barbara Baker Treasurer
Nelson Alves Supt./Mailroom Dept.ET.AL
MICHAEL HAMM CAPTAIN
MCI Norfolk Medium

Defendants


Introduction

Plaintiff's Jose L.Negron and others similar situated brings this
civil action against the Massachusetts Department of Correction/
Agency State Officials under the color of law for the aggrieved
pains and suffering UPON prisoner's deprived of THEIR liberty interest.
State officials are repeating the same violations of ignoring their
own policies,procedures and regulations under the state laws in
violation of prisoner's Federal civil rights.under the Rehabilitation
Act 1973; 29 u.S.C.§701 et seq.,The Civil Right Act 42 U.S.C.§1983,
The Civil Right Instituionalize Person Act,42 U.S.C.§1997(b),The
Prison Reform Litigation Act.42 U.S.C.§1997(a),(e),The Security Arm
of the U.S.P.S. and Federal Law Enforcement,including the Massachusetts
Declaration of Rights Articles,11,19,26,30 and the U.S.Constitution
1st,8th,13th and 14th Amendment.Defendants custom pattern of practice
have deliberately deprived prisoner's of their fundamental rights
of an impartial and fair administartive procedures without any
penological interest or due process protection.The defendnats have

1

run afoul mockery of the State laws,because they possessed the state

virtue power to do so WHILE clothed with the authority without ANY STATE con-

serquences.The defendnats have fail to supervise,train and fully

implement " all " policies under the force of law,leaving prisoner's

in a <u>uncertain</u> and <u>insecurity</u> enviroment under their care,control

and custody, questioning their legal duties and moral judgment.

The defendants have been reluctant to provide any relief to allevinte

the deprivation nor have provided a state corrective plan to correct

<u>all</u> those irregularities inside their agency with administrators,

supervisor's and subordinates.

The plaintiff's seek a declaratory relief and claims for injunc-
tion under 28 U.S.C.§2201-2202,28 U.S.C.§2283-2284 rule 65 Fed.

R.Civ.P.

## Jurisdiction

1. Plaintiff's invokes multiple jurisdiction under 28 U.S.C.§1367, (a).(e) State Claims,42 U.S.C.§1331; 28 U.S.C.§1391(b),(2); and 42 U.S.C §1997(b) and 1997(a),(e).

## Venue

2. The venue is appropriate here because all if not all"Majority" of the acts and omissions were withing the usage of the common-wealth.

## Parties

3. The plaintiff's Jose L.Negron is an prisoner at MCI Norfolk P.O Box 43 Norfolk,Mass.02056.

4. Defendant Carol A.Mici is the Commissioner and Boss of every other state official appointed under her responsibility,She is the policy insurance share holder and at all times responsible for creating policies and supervising every other State official delegating his/her power under the commissioner authority,she is sue under her State official capacity and individual under the color of law.

5. Defendant Michael Hamm is the Captain Administrator at all time responsible for the day by day prison management and operation, including supervising all other supervisors below the ranks,he is sue in his State Official Capacity and individual under the color of law.

6. Defendant Sherry Elliott is the Deputy Superintendent of class/ re-entry officer responsible for the management of classification housing and cell assignment making decision,she is also responsible for other employees delegating their power under her authority, she is sue in her State Official Capacity and individual under the color of law.

7. Defendant Nelson Alves is the Chief Administrators at all times responsible for appointing officers,implementing and monitoring all State procedures and regulations,he is the appeal authority for the visitation,grievance and staff misconaeuct complaints, including the disciplinary.He is sue in his State Official Capacity and individual under the color of law.

8. Defendant Barbara Baker et al is the treasurer officer respon-sible for depositing,handling,keeping safe all money and money disbursement out of prisoner's account.She also is equally res-ponsible for the postage of legal mail weight and fees with the mailroom department.She is sue in her State Official Capacity and individual under the color of law.

9. The mailroom department is responsible for the handling of incoming and out going legal/privileged mail including weighting the mail and fixing the price on each mailing charge slips,jointly the chief administrator and Captain Administrator are responsible for the mailroom department legal duites and obligation.The mailROOM dEPARTMENT IS SUE IN ITS STATE OFFICIAl CAPACIty ANd INDIVIdUAl UNdEr THE COlOR OF LAW.

3

## STATEMENT OF FACTS

11. On or About February 2019 plaintiff notify the Superintendent
Deputy Superintendent and others prison administrators,that prisoner's
have the option in participating in program and rehabilitation,that
no prisoner should be penalize with the word(PES) derived from the
sex offender policy,unless otherwise the sentencing judge ∙ orders
the convicted defendant to a specific program for his crime and
sentence.See Exhibit(A) Notice to the Superintendnat/others.
The defendants for the mean time left the plaintiff alone without
any adverse action or vindictive behavior.However other prisoner'
unaware that the word (PES) is derive from a sex offender policy
began also to challenge the prison administrative foul practices
against non convicted prisoner's for any sex crime.The defendants
began to force prisoner's to participate in the (CRA) or face
punishment restriction from work,and other programs by making the
statement on paper that until the prisoner is enroll in a drug
program he will remain (PES) and punish.SEE exhibits(b),(9-10).
The defendant Sherry Elliott has become some unreasonable that the
officer has engage in placing the plaintiff in atypical and signi∙
ficant harsh condition effecting the prisoner confinement using
labels that are ment and the purposes for sex offenders treatment
convicted of sex crimes.On july 23,2020 Sherry Elliott was given
these advance notices by the prisoner.See Exhibit(b),(1-2 ).
On March  2021 the plaintiff contacted Re-entry officers Jeniffer
Gaffney,Allison Hallett,and Abbe Nelligan Deputy Comm'r and Assis
tant and Deputy Directof of Classification,to correct the officer
wrongful practices inside the facility.See Exhibit(b).(12-16).
Instead the matter was forwarded to the Director of program services
Matthew J.Moniz,for a controversial response to the issues presented,

on the face of the complaint and request for remedy.The officer goes on the record to state that program are voluntary however that a prisoner can be sanction under the label(PES) for declining the participation of programs.The officer goes onto cite the Commissioner power and duties that do not give the defendants any authority to sanction"prisoner's without due process taking its course before the deprivation of those liberties.No incident report by the Director of Security has been file depriving the prisoner from earning good-time through institutional employment or other programs available forcing the prisoner to do mandatory time.See Exhibit(b),( 17 ). The defendants collectivelly has punish the prisoner unfairly,while the defendant(Elliott) removed or terminated off inmate William Vidal(PES) label and sanction only after the inmate private counsel inquired as to why the defendant(Elliott) and sucessors Sarah Smith are forcing the inmate to do program against the inmate will.This type of treatment by the defendant(Elliott) is called disparate treatment,treating the plaintiff differently despite that both prisoner's are not convicted of any sex crimes Nor have any substance abuse in the facility.

12.The defendant(Alves) was notify as the chief administrators to enforce obedience and maintain order with his administrators,but has decline to exercise his power AND correct the behavior of his officers delegating there authority under the defendant power. The defendant in response to the notice on April 12,2021 advise the plaintiff to exercise his rights to filing a grievance complaint See.Exhibit(b),( 11 ).All attempts have fallen in vain because the plaintiff has taken to challenge the defendants authority AND will not act prudently,reasonable or fair withing their own agency

13.On or about December 14,2020 after spending 7 days in solitary
confinement without privileges on a false disciplinary report by
an officer,the defendant(Elliott) with prison administrators decided
to release the prisoner back to general population,while the
prisoner remain shedding the symptoms of covid-19.The defendants
use the prisoner as the skape goat to get other inmates sick in
housing unit 1-1,the only housing unit where prisoner's tested
negative for covid-19 from October 29,2020-December 17,2020.
The officer John Doe concern for his wellbeing inquired if the
prisoner was sick with covid and if the prisoner tested possitive.
The plaintiff inform the officer that he remains sick and out of
boundance precaution,he should be place in the covid unit 8-2.
Word got around the housing unit to other prisoner's that the
plaintiff was sick and demanded to see the shift supervisor.
Sometime on the second shift Lt.John Doe arrived at the unit and
unease prisoner's concern for there wellbeing express concern,that
the prisoner should be removed from the housing unit.The plaintiff
was removed and housed in the covid unit 8-2.

14.On December 15,Tuesday 2020 per defendant(Elliott) and Captain
Michael Hamm orders had Lt.Joth Doe# go to the housing unit,telling
the prisoner that he was order by Captain Hamm and (Elliott) to
return the sick patient back to housing unit 1-1.During the escort
the plaintiff express concern that a "climate issue" will develope
and prisoner back will be place against the wall by unease prisoner's.
The Lt.John Dos#2 told the unit officer to keep an eyed on the
prisoner,no incident report was filed by the officers.
15.On December 16,2020 the plaintiff wrote to the defendant(Alves)
requesting to be return back to his original housing unit 1-1.
On December 18,2020 the false disciplinary report filed on December,

6

06,2020 was dismissed by the disciplinary office.The defendants
were renotify that the prisoner privileges,rights shall be restore
without any pretext of delays or unreasonable administratives
tactics.The defendants collectively ignore the matter and created
the "climate issue"were Nelson Rodriguez became sick with covid-19
and rush to the "Emergency"hospital in very critical condition.The
prisoner was place in life support.A second prisoner John Dos was
also removed and isolated(except) the plaintiff,the defendants kept
the plaintiff in a(8)Man housing dorm with one shower and bathroom
exposing the whole unit and prisoner to the covid-19.The plaintiff file
grievance complaints to no avail.The defendants inaction and action
deliberately indifference place the life of the plaintiff and others
at risk unreasonable forseeable risk.On January 02,2021,the plaintiff
climate issue with uneased prisoner became real,where the plaintiff
became confronted by a unknown prisoner twice the sizes of the
plaintiff,where the plaintiff face imminent threats and had to
defend himself from further injuries.
While the plaintiff was removed from general population and place
in the segregation department for clearance,the plaintiff was
briefly interview by officer Ip Molonso in the non-contact visitation
cage.The officer inquired what happen?The plaintiff made the officer
aware,that due to the administrative decision of housing a sick
patient in the housing unit with other prisoner's unsick with
covid-19,some prisoner's were uneased by the patient present in
the unit.No investigation was conducted by the Inner Peritemer
security department under the defendant(Alves) awareness of what
happen with the plaintiff.On January 2,2021 the defendants through
their subordinate officer generated a false disciplinary report to
cover up the 8th amendment claims deliberate indifference,of the

officers/adminiatrators wrongful practices inside the facility witH
prisoner's.

16.On January 7,2021 defendant(Alves) through his subordinate officer
Jane Doe arrived at the segregation department with a conflict waiver
form for the prisoner to sign.The officer ask the plaintiff if there
any safety concern or issue with the prisoner John Doe.The plaintiff
advise the officer that the problem is the defendant(Elliott) and
pattern of practices.The officer ask the same question and the plaintff
inform the officer that no issue exist between the inmates.The
defendant(Alves) is the former Director of policy development and
understands that if the conflict waiver form is not sign by the
prisoner while in segregation,the defendant(alves) would turn
around and use it against the prisoner as a punishment to keep the
prisoner in deplorable condition of confinement effecting the health
of the plaintiff'.This practice is also known as "Adverse Action"
that allowes the defendant(Alves) and (Elliott) to impede the
ordinary or fairness of administrative procedures against prisoners
who decide to exercise his rights and challenge the defendants
authority.On Janaury 11,2021 the defendant(Alves) found no conflict
and with the reentry officer defendant(elliott) released the plaintff
to the orientation unit 8-1.During the time of being place in the
orientation unit plaintiff exercise his fundamental right to a di-
sciplinary board on the offenses.In the disciplinary hearing the
officer excluded the plaintiff defense as irrelevant including the
facts that the prisoner reported the climate issue to the Lt.John
Doe.The disciplinary officer found the plaintiff guilty without
any primary of intent that the plaintiff initiated the conflict
or climate issue.The problem with the Disciplinary board officer
are that when the(DHO) enter the facility he/she meets with the
Superintendent,Disciplinary officer and reporting oficer to discuSS
what to not say and be careful a prejudge finding.ON FebruARY

2021,the plaintiff appeal before the defendant(Alves) was denied.

17.On or about February 28,2021 plaintiff file a "certiorary" in the Norfolk County Superior Court challenging the whole disciplinary procedure and insufficient evidence of culpability on the offense fighting with another, including the exclusion of defense by the board finding.See Negron v.Mici et al C.A.#2182CV00253(2021),( Cert.,M.G.L.ch.249 §4 ),and Negron v.Mici et al C.A.#2182CV00216 (2021),( Cert.,M.G.L.ch.249 §4).The matter remains pending before the Superior Court

18.On or about January 11,2021 the Defendant(Elliott) repeated the same practices of housing homosexual with heterosexual in the same cell.On the day the plaintiff was released from segregation the defendant through her subordinats randomlly place the plaintiff in a double bunk with a known homosexual with a prison history of engaging in homosexual activities with other male prisoners.The prisoner name for privatecy and protection will remain confidential. The prisoner John Doe will provide an affidavit that he has made prison administrators and the Medical department aware of his status as a homosexual.On January 13,2021 plaintiff filed another grievance complaint on the defendant (Elliott).As of today these complaint has not been process by the Grievance officer or officer. After the initial of the complaint the defendant(Elliott) through her successor removed the homosexual prisoner from the cell.In the attempt the defendant(Elliott) try to set the prisoner up for failure by assigning the plaintiff to housing unit 4-2 with the officer Joseph Duszek.The plaintiff inform the supervisor that both the inmate/staff must be kept seperated, because the prisoner filed a staff misconduct complaint on the officer and that the officer is known in the facility to take matters into his own hands

and engage in physical confrontation with prisoner's and filing false disciplinary report.The plaintiff was sent back to the unit 8-1 ⟨ ⟩ a vague and false d-report was filed against the prisoner for exercising his rights,reporting the irregularities and foul practices inside the facility with officers not **being** held accountnable by the defendants pattern of custom practices **AND** allowing officer to do as they want with prisoner's ——— civil rights.

19.The defendants collectivelly has use their State virtue power withing the agency to denied plausible remedies and any State corrective plan,to retrain the officers and disciplint the officer**S** for repeatitive behavior of callously disregarding the plaintiff rights.The defendants behavior is motivated by malice,bias and arbitrary conduct that betrays their heart and legal duties under the color of state law because they can.

20.On October 16,2020 defendant(Baker) and others were eager to a**id** and assist prisoner's with providing the tax form 1040,only after the United States District Court order the (IRS) to give notice to prison officials of the extended time to file the Tax return forms.On October 2020 the defendant(Baker),and Defendant(Elliott) unhappy that prisoner's were getting the government help,did provi**de** through out the facility through the help of Sarah Smith(DOT) tax return form with the wrong information to mislead prisoner's f**rom** defaulting or being denied the stimulus payment of $1,200.On Octo**ber** **SEE:EXHIbIT(6),(18-19)** 15,2020 (Baker) put out a notice that it will provide the free stamp to mail out the tax return form.See: Exhibit(G),( **1-2** ).The plaintiff using the free stamp sent out using the defendants mail procedures the original tax return form 1040.See: Exhibit(G),(**3-9**) A declaration in-compliance was also attached to the form for the (IRS).

21.Sometime in December 28,2020 plaintiff wrote to the (IRS) inquiring about the stimulus payment.On or about February 2021 the (IRS) began to sent out Debit cards under the stimulus payments to the facility.The debit cards arrived at the facility and the defendant (Baker) did not notify the prisoner's of receiving the payments, instead the defendant(Baker) forward the debit cards to the defendant (EllioTt) despite the officer duties are classification,cell asignment and housing,the officer took "possession" of every debit card unprocess into prisoner's account or depositing the money and withheld the debit cards without any penological interest.Sometime in March of 2021 the (IRS) notified the prisoner Robert Mcwilliam how come he has not activated his debit card sent to the facility? Mr.Mcwilliam wrote back to the(IRS) that he has not received any debit card or any notice by prison administrators.The prisoner also wrote to the Superintendent Nelson Alves about the debit card and the (IRS) notifying the prisoner.The defendant(alves) pass the buck down to defendant(Elliott) to respond.Sometime in March 2021 the defendant(Elliott) had the prisoner Mr.Mcwilliam to report to the administrative I-gate building.The prisoner was inform that the officer "possess" his debit card and "others". the officer told the prisoner,that it was consider "contraband" for prisoner's to possess.The word got out through the population of what prison administrators were doing illegally and exceeding their authority. Prisoner's demanded answer from administrators Michael Mcdonald, Nelson Alves and Kert Demoura during the officers conducting housing rounds in each unit.Sometime in March 17,2021 a meeting was held in the prison auditoriam with administrators and the Prisoner's Norfolk Committee Board to discuss issues and topics.One of the topics were the debit cards being withheld by prison administrators Sherry elliott.

In the meeting the defendants(Alves),(Elliott) acknowleged that
they received and possess debit cards from the (IRS) including
stimulus check <u>unprocess</u> into the bank account on a daily basis.
The defendant(Baker) advise the prisoner's that it will put out
a memo over the debit cards.However the defendant(Alves) inform the
officer not to place any memo or notice out.because some prisoner's
has decided to challenge the officers wrongful conduct and practices
basically covering up the liability claims of any knowleged or
wrong doing.On March 18,2021 the plaintiff file grievance complaint
on the federal violation and orders by the defendants action.The
grievance has not been process.Each administrators(Baker),(Alves)
and (Elliott) were place on notice for a federal lawsuit.See
<u>Exhibit</u>(G),(10-15) GRIEVANCE COMPLAINT AND NOTICES TO STATE OFFICIALS.
The defendants collectivelly has abuse their state power under the
color of law and the State Governor and Attorney General are aware
of the madness of defendants disorder minds,non compliance of those
state procedures and regulation under the statutories and laws.

22.The defendant(Baker) and the Mailroom department collectively
with the Superintendent awareness has been using the U.S.P.S.
services type"of mailing privileged and legal mail to gain profit
from the plaintiff through deceive and fraud services otherwise
that do not comply with the U.S.P.S. price and regulation under the
federal law enforcement and Security Arm of the U.S.P.S.
The Mailroom department and the treasurer department act jointly
in handling all norfolk mailing charge slips and weighing the mail
<u>outside the presence of the prisoner,</u>allowing the officer or officers
to overcharge the prisoner for mail or fix the price and forward
the mailing charge slips to the treasurer in complicit to withdraw
the <u>unapproval</u> or <u>consent</u> overcharge price on mail services.

12.

The defendants has created the perfect scheme to collect money for
handling prisoner mail, to allocate the money at the end of the year
into a staff/correctional officer account.

The mailing charge slip has identical or similar service types as
those the United States Postal Service has in their mechandize
PS forms 3800-3811.See Exhibit(H),(29-30).The U.S.P.S. has not
authorize nor approved the Mass.DOC to duplicate any service type
under the Postal Services or Federal law.On November 2020 using
the defendants mailing charge slips for legal mail was dupe into
believing that the plaintiff was getting the same services under
the U.S.P.S. price list and services.The defendant(Baker) with
the mailroom department fix their own price without notice and
charge the prisoner $8.50 on priority mail on the packages.See
Exhibit(H),(38-41).The U.S.P.S. price list for priority mail cost
$6.75 for a flat rate and for priority mail $7.50.See Exhibit(H),pq.,
(14,29-32).On several and repeated acts the mailroom department alter
the listed price on the mailing charge slip behind the prisoner
back, fixing its own price and forwarding the slip to the Defendant
(Baker) to withdraw the funds out of prisoner account without his
consent.The plaintiff has been in contact with the DOC legal Divi-
sion lawyers, who on a constantly basis send legal mail under the
U.S.P.S. for the accurate price.The plaintiff compare the size of
the manilla envelope and counts the total of pages inside the
envelope, to also write the rightful amount on each mailing charge
slip.See Exhibit(H),(42-45)·,Correspondences from government entities.
The defendant(Baker) does not document the weigh on each envelope
nor the mailroom department.The treasurer does not document as to
why it has charge the inmate so much for postage.The only comment

made by the defendants(Baker) postage,circumventing those proce-
dures and blatanly violating the regulation.The priority mail
incoming/outgoing is not process withing 24 hours nor brought to
the nearest postal office on the same day,in violation of the
service type the defendants have charge the prisoner on priority
mail.See Transaction report by the treasurer, Exhibit(H),(8).
The defendant(Baker) acknowleged that the mailroom department possess
a Pitney Brow Machine,ignoring the factual allegation of the complaint
and violations.The plaintiff has been in contact using the privileged
mail regulation with the chief Marketing officer T.Lobo overseein
the Commonwealth postal services and operation in Massachusetts,
over the pricelist,new PS forms and other services since 2017.

23.On March 23,2021 plaintiff using the defendant(Alves) policy
and encouragement to seek out the facility regulations,caselaws
constitution,etc etc wrote to chief Marketing T.Lobo requesting
the New pricelist and service types on the PS forms 3800-3811
including federal regulation of the U.S.P.S..See:Exhibit(H),(19) .
On April 05,2021 the mailroom department officer seized the U.S.
P.S..privileged mail as "Excessive copies" notifying the prisoner
late of the notice to contraband the mail.See:Exhibit(H),(11).
On April 07,2021 the plaintiff wrote to the chief Marketing T.Lobo
requesting that he re-send the privileged material under the
defendant(Alves) policy 103 CMR 481.11(3),M.G.L.ch.127 §87,because
prison official confiscated the material.On April 16,2021 the
chief Makerting officer T.Lobo sent federal regulation,correspondence
newly pricelist,PS forms 3800-3811,and priority mail receipts to
the facility under "priviledge Mail".On April 17,2021 the prisoner
was called to the (CSD) to pick up his privileged mail.The officer

1A

demonstrated that the material were privileged correspondence coming
from the chief officer marketing of the United States Postal Service
The officer inspected the material for contraband with a negative
result and seized the whole package claiming it is not legal mail
The plaintiff inform the officer that under 103 CMR 481.11 (3) it
consider "privileged mail" and shall be photocopied in the presence
of the prisoner.The officer ignored his own policy and advise the
prisoner,that on monday when his supervisor Ip Jessica Szla comes
into work she will determine what to do with the package.On April
21,2021 officers in the Inner perimeter security department forward
the marterial to the mailroom department and the officers repeat
the same violation of seizing the privileged mail and correspondence
altogether including the chief officer marketing correspondence.
See Exhibit(H),(12) contraband notice.On April 21,2021 plaintiff
appeal to the defendant(Alves) pursuant to 103 CMR 481.11 (3) and
103 CMR 481.15 (1),a-b.See Exhibit(H),(35-36)The mailroom officers
deliberately excluded the sender name/address off the envelope and
photocopied one single page of the U.S.P.S.pricelist five times.
See Exhibit(H),(14-18) pricelist and Exhibit(H),(13) envelope with
the wording on  the envelope"privileged mail open in the presence
of addressee".On May 10,2021 the defendant(Alves) ignores his own
responsibility as the appeal authority on the subject matter and
forward the matter to the deputy of operation Michael Mcdonald to
answer the appeal.The officer does not address the appeal nor factual
allegation presented.The officer simply tells the prisoner to file
a grievance complaint.See Exhibit(H),(37).The defendants and their
subordinated delegating their authority under the defendant(Alves)
has run afoul practice against the prisoner through adverse action.
The defendant(Alves) has encourage the wrongful behavior by his
employees.The defendant(Alves) has  a double Standard policy that
encourages prisoner's to seek outside the facility help on legal
material and than confiscate the incoming privileged mail.SEE EXHIbiT(H)(19)

24 The plaintiff's has exhaustd at the lowest level of administratNe
exhaustion to no avail.Defendants have denied all plausible remedies
informally and formally.See Exhibit(F),(3-29) noted all deficiencies
withing the grievance system and administratives,the defendants
have been reluctant to exercise their prudent judgment or
reasonbale power under the color of law and agency.


25  Count One      Mass.DOC/Agency and Supervisors has fail to
                   provide Constitutionally Supervision in their
                   department and administration.

Plaintiff's re alleged and incorporate by referrence paragraph
6-24.
Defendants (ALves) chief administrators,(Baker),(Elliott(,HAMM),(MICI)
(Mailroom department custom pattern of practices and procedures
under the administrative procure act have been unreasonably denied.
Defendants has ignored their own duties and responsibility,to
perform their moral and legal obligations under the color of law.
The defendants understands that aslong they possess dominate control
of the plaintiff rights under their custody, they donot have to
provide any relief,because they possess the State Virtue power to
do as they want with the prisoner civil rights under their care.
The defendants has denied the most basic remedy to resolved the
irregularities by training their officers and monitor the policies.
see.103 DOC 216 Training of Staff/Developement.On april 5,17,21,
May 30,2021,the defendant(Alves) demonstrated he will not be
impartial,transparentor conduct any judicial review under his
chief administration,duties And ObligaTION SEE M.G.L.125 §1-17
THE BLUE BooK          And M.G.L.CH,124 §1 A - u powers/duTies
of COMMISSIONER OF CORRECTION 16

26.     Count Two          Mass.DOC/Agency fails to provide a

meaningful judicial REVIEW of due process

subsatntial claims 42 USC §1997(b),

Rehabilitation Act §1973;29 USC §701 et seq


Plaintiff's realledge and incorporates by refernce paragraph

6-19.

                                        (MICI) ANd
Defendants(Alves),(HAMM),Elliott,  _____ successors custom practices

and policies of random cell assignment and double bunking homo-

sexual with heterosexual in the same cell violates the 8th Amend.

and creates a"climate issue".TheIR PERVErSE policy risks the life

of prisoner's.The defendants have been notify and relunctant to

implement and monitor the regulation of cell compatability,103

DOC.400.08 (2),(C) Inmate management/cell assignment.The plaintiffs

has utilize the lowest level of administrative solution to no avail.

The defendants repeatative behavior has callously disregarded the

health and safety of prisoner's.Their brotherhood of the union and

department have created a toxic enviroment inside the prison today.

ON JANUARY 11,2021 dEfENdANts IQNOrEd plAINtiff SAFEty ANd dENIEd HIM prOtEction
dOUbIE BUNKINg HIM WITH A PrEdAtOr IN A cEll.

27 Count Three          Mass.DOC fails to comply with the Fedearl Law

Enforcement,and The Security Arms of the

United States and the Cares Act,Recovery Act

Rebate Act.

Plaintiff's reallege and incorporates by reference paragraph

20-23

Defendants(Baker),(Alves),(HAMM),(Elliott) and Mailroom  successors

has defrauded the United States postal service and violated the

United States District Court order and Injunction relief.Cf.

Schull v.Mnuchin,number 4:20-CV-5309-PJH(N.D.Cal.),App.Number

20-16915(9th Cir.Cares Act Relief).

The defendants have withhold or unprocess stimulus check/debit
cards from prisoner's on the bases of their incarceration status.
The defendants have received from the (IRS) stimulus checks/Debit
cards, but have decline to deposit into the prisoner account the
stimulus payment on a day by day basis and notify prisoner's in
writting.The defendants have "exceeded authority" and knowinglly
violate those Acts simultaneously without any penological interest.
The defendants custom practices donot comply with their own state
procedures and regulation,103 CMR 405.10-11 Inmate funds/receiving/deposit.

   (B)  The defendants collectivelly has created/duplicated with-
out the approval of the Postal Officer Commissioner or The U.S.P.S,
Mailing charge slip with the identical/similar"service Type" under
the U.S.P.S. to obtain and gain profit from.The defendants has
mislead the prisoner's to believe that the "services" type would
comply with the federal regulation and pricelist under the U.S.P.S..
The defendants  has overcharge the prisoner over __ past 2 and ½ years,
withdrawing money for "legal mail" and "ounces" otherwise not approved
by the plaintiff.The defendants acts are consider"PLAGIARISM"and
"FRAUD",deceiving the plaintiff.The defendants custom practices
donot comply with the Federal Law Enforcement and the Security
Arms of the U.S.P.S.

   (C)  The defendants custom practices of seizing "privileged
mail" from the United States Postal Service Chief Marketing Officer
On April 05,21 and April 21,2021 have no penological interest,In
violation of plaintiff First Amend.right freedom of Association
and from receiving communication by The U.S.P.S. officers,.
The defendants have ignore plaintiff's civil rights,and liberty
interest,despite at the lowest level of exhaustion using their,

own policies and procedure in the attempt to fine some relief or
resolution,to no avail.Plaintiff's 1st and 14th Amend.,has been
violated.Defendant(Alves)ON MAY 10,2021 PASS THE BUCK to ANOTHER OFFICER
DENYING THE PlAINTIFF A MEANINGFUL APPEAL to RETURN SEIZED MAIL RETAINED
ON APCIl 5,21,2021'.

28.    Count Four          Mass.DOC/Agency fails to comply with
                           the Rehabilitation Act without subjecting
                           prisoner's to involuntary services or
                           servitude

Plaintiff's reallege and incorporates by referrence paragraph
12-14.

Defendants(Alves),(_____),and(Elliott) and successors custom pattern
of practices forcing prisoner's to involuntary services of program
violate the 13th Amend.,right,prohibiting servitude through force
or arbritary behavior.The defendants has punish prisoner's for
declining to participate in voluntary program."103 DOC 400.04
"program Access".The prisoner has the option to refuse/decline
program/rehabilation participation,unless otherwise order by
the sentencing judge or parole authority.The defendants has mis-
apply a sex offender policy and practices against non-convicted
prisoner's of any sex crime.The defendants policy 103 DOC 446.04
§7 defines the word (PES) Program Engagement Strategy for sex
offenders who refuse the treatment.The policy also defines the
conserquences for sex offender's who refuse their treatment,such
as loss of minimum,work,senority of single cell and parole eligi-
bility..The defendants through successor on March 22,2021 mis-
label the plaintiff as a sex offender and sanction the prisoner
without due process protection,effecting the prisoner Material

rights." The defendants Mission and Vision Statement of providing
care and rehabilitation for prisoner's is nothing more than a
statement,defendants have fail to promote fairness and equal
treatment.The defendants has denied the prisoner a judicial
review,transparency,and a State Corrective plan. DEPT COMM'R JENIFFER GAFFNEY Classification
officer's has been notified to no avail.


29 Count Five        Mass.DOC fails to provide reasonable measure
                     of safety and protection breech of duties
                     42 USC §1983:42 USC §1997(b),(CRIPA)


Plaintiff's realleage and incorporates by refference paragraph
15-19.
Defendants(HAHM),(Alves),(Elliott) and through their successors
have place prisoner's lives at risk and future harm through their
custom pattern of practices and PERVERSE policies oF non-compliance.
The defendants statement is that prisoner's donot have   rights,
that prisoner's dont get to choose and pick cell-mates.The defenBRNTS
are following their previous successors behavior and reckless
conducts,with very litter worries,_____ prisoner's are being
intimidated,threaten,reprisal,WITH AND adverse action WHEN the prisoner
files a grievance complaint or challenges the authority of DEFENDRNTS
irregularities inside the department.The defendants are running
a foul and mockery of the state,because they possess the State
virtue power and are clothes to do so and condomn the wrongful
behavior.The plaintiff's has reach out and petition the State
Attorney General,The Governor,The Secretary of Public Safety,
Senatos,Office State Audit,Representative,Civil Right Division,
under the State to no avail of the cruel and UNUSUAl treatment AGAINST

prisoner's under the Mass.DOC/Agency and successors, THE VIOLENCE INSIDE THE FACILITY WITH PRISONER'S HAS INCREASE due To defendants ACTION AND INACTION.

30                    <u>PRAYER OF RELIEF</u>

1. Plaintiff's request that it declares defendants behavior/conduct

   and custom practices <u>unreasonable</u> and <u>dangerous</u>,preplexed to

the lives and health of prisoner's under their care.

2.Plaintiff's seeks immediate injunction and declaratory relief

to order the defendants,successors"cease" their wrognful conduct

behavior and acts and provide prisoner's the protection of his

civil rights and liberties of communicating freely with governments

and entities,including receiving <u>unlimited pages and correspondence</u>.

3.Issue an injunction relief enjoining the defendants to comply

with their State Regulation under the  8th Amendment of reasonable

measure and safety of d<u>ouble bunking/cell compatability</u> per.103

DOC 400.08 (2),(C),<u>Access to program</u> 103 DOC 400.04,<u>Voluntary</u>

<u>program</u>(CRA) 103 DOC 442.02(F),and S<u>taff Training Developement</u>

103 DOC 216,including the<u>privileged mail</u> 103 CMR 481.10-11,(3)

and §481.15,(1),a-b.

4.Issue injunction relief for the defendants to comply with Magis-

trate judge orders under the nationwide class of people action

incarcerated and process stimulus payment into prisoner's account

on a daily basis,INCLUDING NOTIFYING THE PRISONER'S IN WRITING.

5.Issue injunction relief joining the defendants from prohibiting

"Randon Cell Assignment" housing Homosexual and heterosexual in

the same cell,including Menatl Health patients with non-mental

health prisoner's in the same cell.

6.Issue an injunction relief ordering the defendants stop forcing

 prisoner's to mandatory program without a court order,and stop the

arbitrary action of,

sanctioning prisoner's non-convicted of any sex crime to any

conserquences under the sex offender policy and(PES) label;

7.Issue an injunction relief joining the defendants to train

officers to fully adhered to regulation and monitor the officer

performances insuring that the regulations are in compliance;

8.Issue an injuction relief enjoining the defendants from

using U.S.P.S. service type ideas or merchandises,and to allow

the prisoner's to be present during the WEIGHING of each legal

privileged mail outgoing the facility before any price is place

on the mailing charge slips;

8.Issue an injunction relief ordering the defendants to fully

REIMBURSE the prisoner's for all unlawfully money charge and

fix on each mailing charge slips;

9.Issue an injunction relief that defendants custom pattern of

practices and misconduct has made the enviroment unsafe and

the administrative procedures uncertained in the trust of public

services,violating the 1st,  7th,8th,13th and 14th Amendments

of the United States Constitution,including the Massachusetts

declaration of Rights Articles 11,12,19,29,26,30 and 114,Mass.

Civil Rights G.L.ch.12 §§11(h),(i) and federal civil rights

42 USC §1983.

NEXT

## Award both Punitive and Compensatory
31.                          Damages

!. Award the plaintiff's for each Month loss of worK payment

under 103 CMR 405.08 Stipen Wage/minimum $40.00 dollars;

2. Award the plaintiff's $100.00 dollars for each day officers continue
to
; violate civil rights and denied prisoner's the PRIVILEGED AND RIGHT

to participate in work and reduce the direct sentence through earning goodtime, the deprivation of liberty without due process and defendants arbitrary conduct;

3. Award the plaintiff's $10,000 dollars from each defendant wilful act and malice act of callous disregarding prisoner's rights and causing prisoner's emotional distress,mental anguist,loss of sleep,headaches,loss of weigh,for having to exhaust in the federal court these violation and go through the longer process of having the court vindicate those rights And restore prisoner's THE prisoner of Constitutional/Fundamental protection

4. Award the plaintiff's all possible money and reimbursement for the legal photocopies,filing fees,and endless hours invested in research,preperation in the civil case as equally an attorney would be entitle to in a civil proceeding And disposition.

5.Plaintiff's demands trial by jury.

Signed under the pains and penalties of perjury

Dated: June 01, 2021

respectfully submitted    Jose L.Negron prose W-90762
MCI Norfolk
P.O.Box 43
Norfolk,Ma.02056

## Verification

I have read the foregoing complaint and hereby verify that the
matter alleged therein are true,except as to matters alleged on
information and belief and as to those,I believe them to be true.
I certify under the penalty of perjury that the foregoing is true
and correct.

signed x ~~Jose L. Negron~~
       Jose L.Negron w90762

24